## J. E. Hoodinpyle v. John S. Bagby et al.

1. DEBTOR AND CREDITOR—*Claim of Exemption Where the Pretended Purchase was a Device to Defraud Creditors.*—Where goods are attached in the hands of one who claims to hold them for another who has purchased them with a view to defraud creditors, the party holding the goods can not claim a right of exemption for the fraudulent vendee.

Attachment.—Appeal from the Circuit Court of Schuyler County; the Hon. THOMAS N. MEHAN, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

L. A. JARMAN, attorney for appellant.

GLASS & BOTTENBERG, attorneys for appellees.

MR. JUSTICE HARKER delivered the opinion of the court. Appellees began suit by attachment against E. C. Teel,

and had the attachment writ levied upon one sorrel filly, one colt, one bay horse and other property. Appellant interpleaded, claiming the filly, colt and horse, as purchaser, at public sale, of property belonging to Teel and one J. Q. Chadsey. An issue was formed on the interplea and tried by the court without a jury. The court found against appellant and rendered judgment against him for costs.

The evidence shows that Teel and Chadsey, who were living on a farm in Schuyler county, jointly owned about $3,000 worth of personal property, which they sold at auction on February 18, 1902. There was other property which belonged to Teel individually, that was sold at the same time. The property was sold preparatory to Teel moving to Salem, Missouri. Appellant lived at Salem. He arrived at Teel's house on the evening before the sale, attended the sale, bid off the property, left it in possession of Teel, departed the next day, and, so far as this record discloses, has not been seen or heard of in Illinois since. Teel was at the time heavily indebted, and the evidence convinces us that he was endeavoring to get out of the state with as much property and money as possible without paying his debts. His manner of evading and dodging while on cross-examination leads us to that conclusion as much as anything.

The finding of the court can not be sustained upon the theory alone that appellant allowed the property, after purchasing it, to remain in the possession of Teel, and that such possession made it subject to attachment by creditors. Up to the date of the sale, Teel had a one-half interest and Chadsey had a one-half interest in the property. If appellant bought in good faith, the title of Chadsey passed to him, and that interest was not subject to attachment, even if the manual possession continued with Teel.

The finding of the court must be sustained, if at all, upon the ground that appellant did not buy the property in good faith; that his attendance and bidding at the sale was at the instance of Teel, and was a part of the scheme of Teel to get away with his property and money without paying his debts. There are a number of circumstances which

support that view. Appellant, an absolute stranger in the community, when he procured friends and acquaintances of Teel to bid off the property as he did, placed no limit as to price, and gave no instruction whatever, save to bid off the property. He made no arrangements, himself, to ship the property, but left it with Teel to look after, and ship with Teel's goods. A part of the property—some hay—was sold again after he left. He did not return to Illinois when the property was taken from the possession of his alleged agent and levied upon as the property of Teel. He has not taken sufficient interest in this law suit to appear upon the trial as a witness, or to have his deposition taken. These circumstances, taken in connection with the evidence showing Teel's purpose to " beat " his creditors, doubtless led the trial court to the conclusion that appellant did not invest his own money at all, but was merely aiding Teel in his fraudulent purpose.

Appellant's case was based almost entirely upon Teel's testimony. The evasion and dodging resorted to by him on cross-examination gives us a very unfavorable impression of him as a witness. The trial court saw him, and doubtless had a still less favorable impression of him. We can not say he was not justified in discrediting him entirely.

After the property was levied upon, Teel filed in the clerk's office a schedule under his right of exemption, in which he claimed, in behalf of appellant, the property as exempt. In view of the fact that Teel received upward of $1,500 as proceeds of the public sale, which he does not satisfactorily account for, and that the pretended purchase was a sham and a device to defraud creditors, the claim of exemption could not avail, of course.

We see no sufficient reason for disturbing the finding of the trial court, and the judgment will be affirmed.